# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| PATRICIA KENNEDY, Individually, )<br>)<br>    Plaintiff    )<br>)<br>v.    )<br>)<br>PATEL BROTHERS, INC.,   )<br>A Georgia Corporation   )<br>)<br>    Defendant.    )<br>_____ ) | CIVIL ACTION NO:<br>3:19-cv-00059-CDL |

## RESPONSIVE PLEADING

COMES NOW, Patel Brothers, Inc., Defendant in the above-captioned matter and responds to Plaintiff's Complaint as follows:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which any relief may be granted, in law or in equity, and therefore, the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

## SECOND DEFENSE

Despite the fact that Plaintiff has cited to 28 CFR § 36.302(e)(1)(i), (iii), (iv), and (v) in her Complaint, she does not have standing to raise any alleged violations of these particular regulations as she has failed to plead (a) any injury-in-fact with

respect to those regulations, and (b) that any such injury would be fairly traceable to Defendant's conduct.

### THIRD DEFENSE

Although Defendant is currently unable to determine the extent of the alleged noncompliance with the aforementioned regulations from the Complaint, as soon as Plaintiff provides more specificity as to the alleged areas of non-compliance, Defendant will correct those conditions to the extent such conditions actually exist and have not already been corrected, rendering the case moot and depriving this court of jurisdiction as there will no longer be a case in controversy, and the Plaintiff will not be entitled to relief.

### FOURTH DEFENSE

Defendant intends to correct those conditions that Plaintiff complains of to the extent required thereby making it unlikely that there will be any future discrimination; once the corrections are complete, the case may be rendered unnecessary and Plaintiff would not be entitled to relief including recovery of attorney's fees if Defendant corrects any violations prior to an alteration in the relationship of the parties.

### FIFTH DEFENSE

Plaintiff cannot assert a connection between Defendant's lack of compliance and the benefits, goods, or services deprived to Plaintiff.

## SIXTH DEFENSE

Plaintiff lacks standing to seek injunctive relief for areas of noncompliance not actually encountered and of which there was no notice at the time of the filing of this Complaint.

## SEVENTH DEFENSE

Plaintiff's damages are limited to those remedies and those amounts provided for by the statutes.

## EIGHTH DEFENSE

Plaintiff lacks standing to bring this action for relief against Defendant for purported discrimination and denial of access to Defendant's websites (a) from which she did not seek access to or goods and services; (b) of which she had no knowledge of prior to commencement of this action; and (c) which are not related to her disabilities.

## NINTH DEFENSE

Plaintiff lacks standing in that she has not suffered a cognizable injury or damages. Plaintiff has not and does not intend to patronize Defendant's facility regardless of whether the website complies with 28 CFR § 36.302(e)(1), and therefore has not suffered harm and will not suffer harm as a result of any alleged non-compliance with the aforementioned regulation.

## TENTH DEFENSE

Defendant need not comply with 28 CFR § 36.302(e)(1) because the regulation does not apply to reservations made online through websites, as implementation of the regulation, and in particular § 36.302(e)(1)(iii), is impossible when reservations are made directly online by customers.

## ELEVENTH DEFENSE

Plaintiff has not suffered a loss of rights, privileges, or immunities secured by the laws of the United States, the United States Constitution, or the laws of the State of Georgia as a result of the actions of Defendant.

## TWELFTH DEFENSE

Defendant incorporates herein by reference all affirmative defenses contained in Federal Rule of Civil Procedure 8(c) to the extent that same apply.

## THIRTEENTH DEFENSE

Any and all allegations contained in Plaintiff's Complaint not specifically responded to herein are hereby expressly denied.

## FOURTEENTH DEFENSE

In responding to the numbered allegations in Plaintiff's Complaint, Defendant responds as follows:

1.

Defendant is without knowledge or information sufficient upon which to form a belief as to the truth of the allegation and, therefore, deems the same denied.

2.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation and, therefore, deems the same denied.

3.

Admitted that Defendant is the owner of the hotel at the subject property (the "Property") located where indicated; otherwise denied.

4.

Admitted for purposes of venue only.

5.

Admitted that this Court has jurisdiction over the action pursuant to the allegations in the Complaint supporting jurisdiction under the referenced statutes; denied as to the remaining allegations.

6.

Defendant asserts that the cited statutes and regulations speak for themselves, and denies any allegation inconsistent with the same.

7.

Defendant asserts that the cited regulations speak for themselves, and denies any allegation inconsistent with the same.

8.

Admitted.

9.

Admitted that Defendant maintains the websites located at booking.com and expedia.com. Defendant asserts that the cited regulation speaks for itself. Denied as to the remaining allegations.

10.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation and, therefore, deems the same denied.

11.

Paragraph 11 has been omitted in the Plaintiff's Complaint.

12.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation and, therefore, deems the same denied.

13.

Denied.

14.

Denied.

15.

Denied.

16.

Denied.

17.

Denied.

18.

Denied.

19.

Denied.

20.

Denied.

21.

Defendant asserts that the cited statutes and regulations speak for themselves, and denies any allegation inconsistent with the same.

WHEREFORE, having set forth its responsive pleadings, Defendant prays:

(a)  that each of its affirmative defenses be sustained;

(b) that judgment be entered for Defendant on all claims set forth in Plaintiff's Complaint;

(c) that Defendant be discharged without costs;

(d) that Defendant be granted its attorneys' fees and other consequential damages pursuant to 28 U.S.C. §1927, 42 U.S.C. §12205, and 28 CFR §36.505;

(e) that Defendant have such other and further relief as may be equitable and just under the facts set out herein; and

(f) that Defendant have a trial by jury on all issues so triable.

Respectfully submitted this 2nd day of August, 2019.

                FORTSON, BENTLEY AND GRIFFIN, P.A.

                By: /s/ Roy E. Manoll, III_____
                    Roy E. Manoll, III
                    State Bar No: 469710
                    Attorney for Defendant

2500 Daniell's Bridge Road
Building 200, Suite 3A
Athens, Georgia  30606
(706) 548-1151
rem@fbglaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 2, 2019, I electronically filed the foregoing **RESPONSIVE PLEADING OF DEFENDANT** with the Clerk of the Court for filing and uploading to the CM/ECF system, which will automatically send e-mail notification of such filing to all Counsel of Record.

This 2nd day of August, 2019.

/s/ Roy E. Manoll, III
Roy E. Manoll, III
Attorney for Defendant
State Bar No: 469710
